UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK ZEESHAN AHMED (A-Number: 242-260-086),<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>        Respondent. | Case No.  1:26-cv-2975-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Mailk Zeeshan Ahmed entered the United States in 2023 and was detained by ICE in 2026.  Petitioner, now proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention violates the Fifth Amendment.  Respondent argues that the petition should be dismissed because petitioner has failed to exhaust his administrative remedies.  For the following reasons, I recommend that the petition be dismissed without prejudice.

**Background**

Petitioner entered the United States in 2023 on a tourist visa.  ECF No. 6-1 at 2.  After petitioner's visa expired in 2024, he remained in the country.  *Id*.  Before his visa expired, petitioner applied for asylum; his application remains pending.  *Id*.  After petitioner's visa expired, he was issued employment authorization.  ECF No. 11-3 at 2.  There is no allegation or

1

evidence that, prior to his present detention, petitioner has been detained.  There also is no evidence that petitioner has committed a crime.  *See* ECF No. 6-1 at 3.

In January 2026, petitioner was detained by ICE while the agency was "conducting consensual encounters at [a] T&A Travel Center" in New York.  *Id*. at 2.  In April 2026, petitioner was afforded a bond hearing, at which the immigration judge denied bond based on the finding that petitioner is a flight risk.  ECF No. 6-2 at 1.  Petitioner reserved his right to appeal that order by May 6, 2026.  *Id*. at 2.  There is no evidence that petitioner has filed an appeal.[1]

**Procedural History**

On April 20, 2026, petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus.  ECF No. 1.  On April 26, 2026, respondent concurrently filed a motion to dismiss and an opposition to the petition.[2]  ECF Nos. 5 & 6.  On May 11, 2026, counsel for petitioner appeared, and petitioner filed a reply.  ECF Nos. 10 & 11.

On May 28, 2026, petitioner filed a motion for temporary restraining order.  ECF No. 12.  In light of my recommendation that the petition be dismissed without prejudice, petitioner's motion for temporary restraining order should be denied as moot.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of

---

[1] On May 6, 2026, I ordered petitioner to file a reply that addressed whether he has appealed the immigration judge's order.  ECF No. 9.  Nonetheless, petitioner did not address this factual issue in his reply.

[2] In its motion to dismiss, respondent argues that the petition should be dismissed because petitioner "failed to name his immediate custodian."  ECF No. 5.  In light of my recommendation that the petition be dismissed for failure to exhaust, I recommend that this motion be denied as moot.

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his detention violates the Fifth Amendment.  ECF No. 1 at 6. Respondent counters that the petition should be dismissed because, by not appealing the immigration judge's ("IJ") order to the Board of Immigration Appeals ("BIA"), petitioner has not exhausted his administrative remedies under 8 U.S.C. § 1226(a).  ECF No. 6 at 2-3.

"The exhaustion requirement is prudential, rather than jurisdictional, for- habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner fails to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).  However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  I begin by considering the *Puga* factors in turn.

First, I do not find that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision." *See Hernandez*, 872 F.3d at 988.  The IJ provided a written decision, there presumably is a transcript and/or audio recording of the

3

hearing, and respondent does not argue that BIA consideration is necessary to generate a proper record. *See* ECF No. 6; ECF No. 6-2. Where, as here, the petitioner is entitled to a bond hearing under section 1226, courts have found that the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025).

Second, I find that "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *See Hernandez*, 872 F.3d at 988. Indeed, "[g]ranting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth*, 2026 WL 45199, at *3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion). Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While the Court of Appeals did not foreclose as-applied challenges, petitioner does not demonstrate that section 1226's procedures violate his due process rights. *See id.*; ECF No. 11. I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, I find that "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988. The BIA "has the authority to correct . . . erroneous factual determinations and evidentiary errors." *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. §§ 1003.1(d)(3)(i)-(ii)).

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

As noted, a court may waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will

4

result, or the administrative proceedings would be void." *Id*. Petitioner argues that the BIA cannot provide effective relief because it lacks the "authority to . . . grant the full relief requested in this petition, including instant release." ECF No. 11 at 6-7. However, as noted, the BIA "has the authority to correct . . . erroneous factual determinations and evidentiary errors." *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. §§ 1003.1(d)(3)(i)-(ii)). Accordingly, petitioner does not demonstrate that the exhaustion requirement should be excused on the basis of inadequate relief.

Petitioner also argues that the exhaustion requirement should be excused because his "claims are fundamentally constitutional in nature." ECF No. 11 at 6-9. "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up). However, "[n]ot all due process claims fall within this exhaustion exception. The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken. In other words, challenges to procedural errors correctable by the administrative tribunal, must be exhausted." *Id*. (cleaned up).

In *Sun v. Ashcroft*, 370 F.3d 932, 935 (9th Cir. 2004), the petitioner filed a habeas petition under 8 U.S.C. § 1252, which the district court had denied based on the petitioner's failure to exhaust his administrative remedies. In affirming the district court's order, the Court of Appeals stated:

> [The petitioner] also makes due process challenges to his potential removal. We have made an exception to the exhaustion requirement for constitutional challenges to statutes and to the administrative rules of procedure. However, there is an important qualification to this exception to the general rule requiring exhaustion: If an alleged procedural error could have been challenged before the BIA and was not, we lack jurisdiction to review it. To the extent that [the petitioner's] procedural due process arguments are more than a repetition of his substantive constitutional claims, he did not present the arguments to the BIA, so we are without jurisdiction to review them.

*Id*. at 944 n.18 (cleaned up).

5

As an initial matter, petitioner argues that the IJ committed procedural error.[3] ECF No. 11 at 4. To the extent that petitioner seeks judicial review of the IJ's order, he first must exhaust his administrative remedies. *See Sun*, 370 F.3d at 944 n.18; *Morgan v. Gonzales*, 495 F.3d 1084, 1090 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims.").

Moreover, the Court of Appeals has held that section 1226(a) and its implementing regulations provide "extensive procedural protections," including "several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz*, 53 F.4th at 1202. While the BIA does not have jurisdiction to consider an as-applied constitutional challenge to section 1226(a), petitioner makes no such claim. *See Sola*, 720 F.3d at 1135. As such, petitioner's due process claim does not fall within the exhaustion exception, and his requirement to exhaust should not be excused on the basis that he brings a constitutional claim. *See Sun*, 370 F.3d at 944 n.18; *Okoth*, 2026 WL 45199, at *4 (requiring exhaustion where the petitioner brought a due process claim); *Ngugi v. Lyons*, No. 1:25-cv-1783-KES-EPG, 2026 WL 35610, at *4 (E.D. Cal. Jan. 6, 2026) (same); *Martinez*, 2025 WL 2689844, at *7 (same).

Lastly, petitioner argues that due process required that he be provided a pre-deprivation hearing. ECF No. 11 at 5-6. While the BIA does not have jurisdiction to consider this argument, petitioner does not raise this claim in his petition. *See* ECF No. 1 at 6-7. Moreover, while this court has consistently found that due process requires a pre-deprivation hearing for a noncitizen

---

[3] Petitioner argues that, at his bond hearing, the burden should have been placed on the government. ECF No. 11 at 4. Petitioner presents no authority for the assertion that the government bears the burden of proof at bond hearings held under 8 U.S.C. § 1226(a). On the contrary, the Court of Appeals has recognized that a petitioner bears the burden of proof at a section 1226(a) hearing, and the court rejected the argument that due process requires a second bond hearing at which the government bears the burden of proof. *Rodriguez Diaz*, 53 F.4th at 1197, 1203.

6

who has been previously released from custody, petitioner has not been previously detained and released. *See, e.g.*, *None v. Andrews*, No. 1:26-cv-3198-DC-CSK, 2026 WL 1199264, at *1 (E.D. Cal. May 1, 2026). Instead, petitioner's argument appears to be that his protected liberty interest arises from the government's decision not to promptly detain him after his tourist visa expired, and that because the government has allowed him to live and work in the country since the expiration of his visa, due process requires that he be provided a pre-deprivation hearing. *See* ECF No. 11 at 5, 9 (citing *Kalkan v. Chestnut*, No. 1:26-cv-2028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026)). Under these circumstances, I find that exhaustion should not be excused on the basis of petitioner's argument—that was raised for the first time in his traverse— that due process required that he be afforded a pre-deprivation hearing.

Accordingly, the petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4 (dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same).

## Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice.

2. Respondent's motion to dismiss, ECF No. 5, be DENIED as moot.

3. Petitioner's motion for temporary restraining order, ECF No. 12, be DENIED as moot.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    May 28, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8